

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-10-00210-CR

CHRISTOPHER A. TATE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 36695-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Christopher A. Tate appeals from the adjudication of his guilt for aggravated sexual assault and subsequent sentencing of thirty years' imprisonment. Tate was placed on deferred adjudication for ten years on August 1, 2007, and he was finally adjudicated and sentence was imposed on October 14, 2010.

Tate's attorney on appeal has filed a brief which discusses the record and reviews the proceedings in detail. Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. This meets the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1981); and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief and a letter to Tate on February 10, 2011, informing Tate of his right to file a pro se response and of his right to review the record. Counsel has also filed a motion with this Court seeking to withdraw as counsel in this appeal.

Tate filed a motion to extend time to file his pro se response, and then provided this Court with a document setting out a series of arguments related to his case, which was filed on April 4, 2011. Upon reviewing the document, it is not clear that it is actually a response to the *Anders* brief, as it repeatedly refers to itself as a PDR (petition for discretionary review). In an abundance of caution, we will treat it both as his response, and as his petition for discretionary review, which we will accordingly forward to the Texas Court of Criminal Appeals.

In his response, he complains about the evidence supporting his 2007 plea of guilty to the underlying offense. We point out that this appeal is not taken from the proceeding which placed him on deferred adjudication. Any complaint about that proceeding would have had to be raised in an appeal from that order. The only proceeding before this Court on appeal is the final adjudication of his guilt.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record, and we agree with counsel's assessment that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

In a frivolous appeal situation, we are to determine whether the appeal is without merit and is frivolous, and if so, the appeal must be dismissed or affirmed. *See Anders*, 386 U.S. 738.

We affirm the judgment of the trial court.[1]


Bailey C. Moseley
Justice

Date Submitted:        April 25, 2011

---

[1]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

Date Decided:        April 27, 2011

Do Not Publish